UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON HOOD,

        Plaintiff,

                                                                  Case Number 05-10006-BC
v.                                                             Honorable David M. Lawson

PATRICIA CARUSO,
RICHARD D. RUSSELL,
THOMAS BIRKETT, JOSEPH BURTCH,
S. HOPE HEEBSH, M. KRAJNIK,
JOHN DOE # 1, JOHN DOE # 2

        Defendants.
_____/

## ORDER REJECTING MAGISTRATE JUDGE'S REPORT
## AND RECOMMENDATION AND DISMISSING CASE

This matter is before the Court on the plaintiff's objections to the second report issued by Magistrate Judge Charles E. Binder, operating under an order of reference to conduct all pretrial proceedings, recommending that three defendants, Joseph Burtch, S. Hope Heebsh, and Thomas Birkett, be dismissed *sua sponte* from this action because the plaintiff has failed to demonstrate that he exhausted available administrative remedies as required by the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). However, the magistrate judge recommended that the case proceed on the exhausted claims against defendants Krajnik, John Doe #1, and John Doe #2. In his objections, the plaintiff states that dismissal of the three defendants is unwarranted because he has exhausted remedies available to him with respect to all defendants. He has attached to his objections a prisoner grievance appeal form which the plaintiff feels establishes that he has complied with the PLRA.

On March 2, 2005, the Court rejected the magistrate judge's initial report and

recommendation and remanded the matter for further consideration of whether, in light of the fact that plaintiff had exhausted administrative remedies with respect to some named defendants but not other others, the complaint nonetheless should be dismissed in its entirety in accordance with this Court's decision in *Hubbard v. Thankur,* 344 F. Supp. 2d 549, 558-59 (E.D. Mich. 2004) (establishing a series of factors aimed at guiding the decision to apply the so-called total exhaustion rule and dismiss a prisoner's civil rights case in its entirety or proceed with those claims for which the plaintiff has demonstrated exhaustion). On March 31, 2005, the magistrate judge filed the present report applying the factors set forth in *Hubbard* and concluding that the complaint need not be dismissed in its entirety. The plaintiff filed timely objections.

Since the magistrate judge issued his second report and the petitioner filed objections, the Sixth Circuit has adopted the total exhaustion rule requiring dismissal of the complaint in a prisoner civil rights case where the prisoner has demonstrated exhaustion with respect to some but not all of his claims. *See Bey v. Johnson*, dkt # 03-2331, ___ F.3d ___ (6th Cir. April 27, 2005). The court of appeals reasoned that the plain language of the PLRA and the policy objectives underlying it mandate total exhaustion. Slip op. at 5. Thus, unless a prisoner demonstrates that he has exhausted his administrative remedies with respect to each of his claims, the district court must dismiss the complaint.

Although the magistrate judge was operating under explicit instructions from the Court, the Court must reject the report and recommendation because of the intervening decision by the Sixth Circuit. The case may proceed, if at all, only to the extent the plaintiff has demonstrated exhaustion with respect to all named defendants. The plaintiff asserts that the prison grievance form attached to his objections demonstrates total exhaustion. After reviewing the attached form, however, it is

unclear to whom the form refers. The plaintiff obviously has followed the grievance procedure through with respect to certain claims against certain defendants. Nonetheless, because the form does not identify any individuals, it may well refer to those claims already found by the magistrate judge to be exhausted. In light of the Sixth Circuit's decision in *Bey*, the Court must therefore dismiss the complaint in this case for failure to exhaust administrative remedies.

Accordingly, it is **ORDERED** that magistrate judge's report and recommendation is **REJECTED** and the complaint is **DISMISSED WITHOUT PREJUDICE.**

It is further **ORDERED** that the plaintiff's motion for preliminary injunction [dkt # 15] is **DENIED** as moot.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 3, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 3, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS